**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Michael Brown</u>

    v.                                                            Civil No. 11-cv-246-JL

<u>Richard M. Gerry, Warden,
New Hampshire State Prison</u>

### O R D E R

Michael Brown has filed a petition for a writ of habeas corpus (doc. no. 1) challenging the constitutionality of his September 21, 2007, conviction on criminal charges in the Rockingham County Superior Court.  The matter is before the court for preliminary review to determine whether Brown's habeas petition, filed pursuant to 28 U.S.C. § 2254, is facially valid and may proceed.  <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Background**

On September 21, 2007, Michael Brown was convicted of attempted murder and witness tampering after a jury trial.  He was sentenced to a 10 - 40 year prison term coupled with a concurrent 3½ - 7 year prison term.  After his conviction, Brown filed a motion for a new trial in the trial court which was denied on February 9, 2009.  Brown appealed both his conviction and the denial of his motion for a new trial, and the New

Hampshire Supreme Court ("NHSC") consolidated the two appeals. On June 30, 2010, the NHSC affirmed Brown's conviction and the denial of his motion for a new trial.  This petition followed.

In the instant petition, Brown raises three claims for relief, all alleging that he received ineffective assistance of counsel at trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.  Brown claims that trial counsel was ineffective for:  (1) failing to request a jury instruction on lesser included offenses; (2) failing to request a jury instruction on the affirmative defense of voluntary renunciation; and (3) failure to object to the admission at trial of petitioner's entire videotaped statement to the police, which included highly prejudicial and excludable statements.

## Discussion

I.   Custody

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States."  See Garlotte v. Fordice, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Brown is presently serving a prison sentence pursuant to the challenged conviction and has thus satisfied the

statutory "in custody" requirement to allow this matter to proceed.

II. Exhaustion

To be eligible for habeas relief, Brown must show that he has exhausted all of his state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error). "In order to . . . present the federal claim fairly and recognizably to the state courts, . . . he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to

the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal citations omitted)); Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007).

Brown's petition sufficiently shows that he presented to the NHSC the ineffective assistance of counsel claims raised in his habeas petition before this court, including the federal nature of those claims. Accordingly, Brown has demonstrated that the claims here have been exhausted and may proceed.

## Conclusion

The petition shall be served upon respondent Richard Gerry, Warden of the New Hampshire State Prison. Respondent shall file an answer or other pleading in response to the allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, copies of this Order and Brown's habeas petition (doc. no. 1).

Respondent is directed to answer or to otherwise plead within thirty days of the date of this Order. The answer shall

comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 1, 2011

cc: Thomas J. Gleason, Esq.

LBM:jba