**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Michael Brown

    v.                                                      Civil No. 11-cv-246-JL

Richard M. Gerry, Warden,
New Hampshire State Prison


**O R D E R**


    Michael Brown filed a petition for a writ of habeas corpus
(doc. no. 1), pursuant to 28 U.S.C. § 2254, containing three
claims, each alleging that Brown's trial counsel was
ineffective, and that his state court criminal conviction and
sentence therefore violated his Sixth Amendment right to the
effective assistance of counsel.  Finding that the claims had
been exhausted, the court directed service of the petition on
respondent (doc. no. 2).

    Shortly thereafter, the petitioner notified the court (doc.
no. 3) that he had filed a habeas petition in the state superior
court, challenging the same conviction challenged in this court,
but on separate grounds.[1]  On February 13, 2012, petitioner filed
a motion to stay this matter (doc. no. 7) while he exhausted the

---

[1]The petitioner has counsel in this action, but is
proceeding pro se in his state habeas action.

additional claims, "so that the other claims pending in Superior
Court can be added to this claim should [petitioner] be
unsuccessful in obtaining relief in the State Courts."  The
court granted the motion to stay on March 5, 2012, and directed
petitioner to file status reports every ninety days, which he
did.  <u>See</u> Doc. Nos. 9-13.

On April 30, 2013, petitioner filed a status report (doc.
no. 14), stating that petitioner's state habeas petition was
dismissed by the superior court on March 30, 2013, and that
"[t]he petitioner is prepared to proceed with the matter pending
in this Court."  Although petitioner has not filed a motion
seeking specific relief from this court, it seems he wants to
lift the stay either to amend his petition to add the new claims
litigated in the superior court, or alternatively, to proceed
only on the three exhausted claims presented in the original
complaint, without adding the claims that the superior court
recently rejected.

This court notes that the claims rejected in the superior
court would not be deemed exhausted if they have not yet been
presented to the New Hampshire Supreme Court ("NHSC"), <u>see</u>
<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).  Moreover, if
petitioner intends to proceed only on the claims raised in the

initial petition, he will likely forego the opportunity to ever present the additional claims in a federal habeas petition, as second or successive habeas petitions arising out of a single conviction are generally prohibited.  See 28 U.S.C. § 2244(b); cf. Magwood v. Patterson, 130 S. Ct. 2788, 2796-97 & n.8 (2010). The court will not, therefore, lift the stay and allow the petition to proceed including only the original exhausted claims, absent a motion specifically seeking such relief, acknowledging that petitioner is aware that he will likely not be able to raise the remaining claims in another federal habeas petition.

## Conclusion

Within thirty days of the date of this order, petitioner must file a motion to lift the stay in this case, along with either of the following:

    1.   A notice, signed by petitioner, seeking to proceed on the original habeas petition filed in this court, acknowledging that he is aware that he likely will be unable to raise other federal claims challenging his conviction in a second or subsequent federal habeas petition; or

    2.   An amended habeas petition, setting forth all of the federal claims petitioner intends to litigate in this matter, along with a procedural history of his recent state court litigation, and attaching as exhibits to the amended petition the relevant superior court and NHSC orders, and other documents from the NHSC record, which show that

petitioner has exhausted his state court remedies on each
federal claim asserted in the amended petition.

SO ORDERED.

_____

Landya McCafferty
United States Magistrate Judge

May 8, 2013

cc:  Scott F. Gleason, Esq.
     Thomas J. Gleason, Esq.
     Elizabeth C. Woodcock, Esq.