UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Brown

    v.                                                  Civil No. 11-cv-246-JL

Richard M. Gerry, Warden,
New Hampshire State Prison


**O R D E R**

Michael Brown filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2254, containing three claims, each alleging that Brown's trial counsel was ineffective, and that his state court criminal conviction and sentence therefore violated his Sixth Amendment right to the effective assistance of counsel. Finding that the claims had been exhausted, the court directed service of the petition on respondent (doc. no. 2).

Shortly thereafter, the petitioner notified the court (doc. no. 3) that he had filed a habeas petition in the state superior court, challenging the same conviction challenged in this court, but on separate grounds.[1] On February 13, 2012, petitioner filed a motion to stay this matter (doc. no. 7) while he exhausted the

---

[1] The petitioner has counsel in this action, but is proceeding pro se in his state habeas action.

additional claims, "so that the other claims pending in Superior Court can be added to this claim should [petitioner] be unsuccessful in obtaining relief in the State Courts." The court granted the motion to stay on March 5, 2012, and directed petitioner to file status reports every ninety days, which he did. See Doc. Nos. 9-13.

On April 30, 2013, petitioner filed a status report (doc. no. 14), stating that petitioner's state habeas petition was dismissed by the superior court on March 30, 2013, and that "[t]he petitioner is prepared to proceed with the matter pending in this Court." Although petitioner has not filed a motion seeking specific relief from this court, it seems he wants to lift the stay either to amend his petition to add the new claims litigated in the superior court, or alternatively, to proceed only on the three exhausted claims presented in the original complaint, without adding the claims that the superior court recently rejected.

This court notes that the claims rejected in the superior court would not be deemed exhausted if they have not yet been presented to the New Hampshire Supreme Court ("NHSC"), see Baldwin v. Reese, 541 U.S. 27, 29 (2004). Moreover, if petitioner intends to proceed only on the claims raised in the

initial petition, he will likely forego the opportunity to ever present the additional claims in a federal habeas petition, as second or successive habeas petitions arising out of a single conviction are generally prohibited. See 28 U.S.C. § 2244(b); cf. Magwood v. Patterson, 130 S. Ct. 2788, 2796-97 & n.8 (2010). The court will not, therefore, lift the stay and allow the petition to proceed including only the original exhausted claims, absent a motion specifically seeking such relief, acknowledging that petitioner is aware that he will likely not be able to raise the remaining claims in another federal habeas petition.

**Conclusion**

Within thirty days of the date of this order, petitioner must file a motion to lift the stay in this case, along with either of the following:

 1. A notice, signed by petitioner, seeking to proceed on the original habeas petition filed in this court, acknowledging that he is aware that he likely will be unable to raise other federal claims challenging his conviction in a second or subsequent federal habeas petition; or

 2. An amended habeas petition, setting forth all of the federal claims petitioner intends to litigate in this matter, along with a procedural history of his recent state court litigation, and attaching as exhibits to the amended petition the relevant superior court and NHSC orders, and other documents from the NHSC record, which show that

petitioner has exhausted his state court remedies on each federal claim asserted in the amended petition.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 8, 2013

cc: Scott F. Gleason, Esq.
 Thomas J. Gleason, Esq.
 Elizabeth C. Woodcock, Esq.